When you're ready, Mr. Jarrard. Good morning, Your Honors, counsel, may it please the Court, my name is Thomas Jarrard, I represent the appellant in this matter. As I thought about, as I was listening to the, I think I understand the joke the judge is thinking of, but it's not true. You represent the appellant, yes, please proceed. As I was saying in an argument earlier today, I realized this is the first opportunity for actual hearing on the issues that have been presented in this case. In two cases, in Spokane, Washington, Mr. Jarrard applied for a position of attorney. In both of those cases, Mr. Jarrard gave notice of his eligibility for veterans preference under the highest standard that's available for veterans preference, 30% plus disability compensation. In both instances, Mr. Jarrard gave the agency's notice of the fact of a decision in gingery and the requirements are imposed under 3318, via 3320. Well, the Passover requirements only apply to jobs that are subject to an examination. That's the argument. And the attorneys don't go through that, is that correct? That is not correct. In fact, your honor, that those 3318 does not, the Passover procedures, I'll go over each one of those steps in a moment, but this court has already found that 3318 does not require an examination and especially under 3318B2, if you look closely at the statute, you'll see that under that portion of the statute, it doesn't even discuss the distinction between examination, which would result in a certification, which is mentioned in A1 or B1, but it's not there in the second half. And that's important because like I said, with respect to attorneys, there not only is no examination, there's also no certificate, right? There is no certificate, but in the case of attorneys, your honor, there's no reason why the provisions of 3318B2 can't be applied. They can be applied. Well, Congress said there shouldn't be a ranking in the case of attorneys and they shouldn't have categories within a certificate. Well, when we look at the statute, your honor, there really is, I mean, I understand the fascination the government has in regards to the idea of examination because quite frankly, if they don't have this examination. I wasn't asking right then about examination, I was saying that you can't have the kind of certificate that is contemplated by the statute with the different categories in rankings for attorneys because of the statute, the appropriations laws, which prohibit the ranking of attorney applicants, right? Yes, that's correct for that portion of the statute that requires a certificate or ranking. And 3318B2 does not require a certificate or ranking, your honor. I can read the statute to you, but it's very clear. And there's other provisions within 3318 that translate into the CFR 302.101 that are in fact do not require ranking or certification. I can read those for you as well. The first would be that the agency, number one, has to follow the provisions that are administratively reclusable. I think that actually comes from 3320, but I think it's encapsulated as well in 3318. Number two, the applicant is entitled to be given the reasons if they're asked. That comes directly from 3318.3, a preference eligible not described in paragraph two of this subsection, or his representative shall be entitled to a copy of the request of the reasons for their pass over. And then the third, in addition to the third, following the 302.10, sorry, the procedures that are required under 302.103, that's stated in the CFR as well. So what is your complaint with the board's opinion? What's the board's error in your opinion? The board's error, Your Honor, is really simple. They say that 3318 requires an examination. It doesn't. It's simply a back way around trying to look at gingery. The case that this court said, 3318 does not require an examination. They just need a way not to apply 3318. And then the government's off. They're scot-free. So for that special group of veterans where Congress contemplated giving the highest level of veterans preference, disabled veterans with over 30% disability, who get not only notice that their applications will be passed over, that they also get an opportunity to respond to that notice. For that group of veterans, if you apply to be an attorney, you don't get that. And they don't want to have to answer the question why 3318 can't apply. But 3318 requires a certificate, doesn't it? I mean, that's the specific language of the statute. 3318 does not require a certificate, Your Honor. I'm looking at it now. 3318A, at the end of the first, center of the first sentence, it says, for appointment on a certificate. Under 3318B1, similarly, towards the end of the middle of the sentence, it says, on a certificate. However, under B2, that provision for veterans who had disability compensation above 30%, that highest level of preference that's available to people that apply for positions in the federal government, it makes no mention whatsoever about a certificate. However, it has other provisions that do follow. When we look to the CFR, the 308- B2 references B1, which specifically talks about the certificate. B2 begins- Pass over a preference eligible on a certificate in order to select. In B2, Your Honor? I'm sorry. That's in B1. B2 talks about- But of course, B2 refers to B1. Your Honor, my reading of B2, I think, is pretty right on. It starts out by talking about a special group of veterans. That's what it talks about. It talks about veterans who have greater than 30% disability compensation. Guys have been injured in combat. When they apply, we follow these procedures. And I thought this court recognized that when we looked at- Not the second one. You're a chief judge. You're on the second Gingery case, but the first one. This court recognized that there's that high level of veterans preference that's out there. But Gingery doesn't say that the pass over procedure applies where there's no certificate. Gingery says there's no examination or any analogous requirement to apply the requirements of 3318. That's right out of the language of the case. In addition to that, Gingery also says 3318 is clear. It's clear. This is an important point. Stardesizes and precedent and all that good stuff. That this court- Gingery's an auditor position, right? It's not an attorney. Gingery is an auditor. It has a certificate and an examination, right? That's a good point. There was no examination. In the decision, the Merit System Protection Board decision below in this case, Your Honor, they alleged that there was some sort of examination. There wasn't. Actually, the process that was- But there is a certificate. What's that? There is a certificate. They did. And I'll tell you exactly how they did that. It was not an attorney either. It was not an attorney. They reviewed applications. They looked at just as they did in my case, or I'm sorry, in Mr. Girard's case at the Social Security Administration and at the United States Attorney's Office. They reviewed applications. And they thought, okay, well, this Mr. Gingery, he's got 30% plus disability. We'll put him in a category A. Who else do we have? We don't have any other categories. Well, we only have one applicant. Well, we need at least three if we're going to do something with it, with interviews and such. So they reached down, and they reached down to the other applications, and they grabbed more. And eventually, they had enough applications where they could actually consider folks for interviews. And who did they send to the interviews? Not Mr. Gingery. Same thing that happened in our case here with Mr. Girard and his applications at the United States Attorney's Office and his applications at the Social Security Administration. This court has already said, no examination requirement for 3318 to apply. The statute's clear. The question is, what is Mr. Girard entitled to? And under the statutes moving further on in my argument, Your Honors, Mr. Girard is entitled to reconstruction of the process that complies with the statutory requirements. The statutory requirements are notice, an opportunity to respond to that notice, and he didn't give you the notice. Now, the government doesn't want to have to stand here and argue. They're going to argue, 5 CFR 302-101-C says, we're excused from following the Passover procedures of 5 CFR 302. Sure, you are. I say, follow them. They don't want to stand up here and say, we can't follow sending Mr. Girard a letter and waiting 15 days. They can't argue that that's not administratively feasible. But that's the standard that they'd have to be held to. In their briefing, they argued that, I'm sorry, you're on mute. Don't the regulations require that you ask for a letter and that you ask, that there must be a request? In fact, that's exactly what happened in this case. And no, and you made a request? The request was made and no response was given. It's cited, it's not disputed. It's cited in the beginning of my briefing under the facts, Your Honor, Department of Justice process. Is it in the record? You cite it to the record? It's, there was no dispute. I do not have the citation in the record. But the United States Attorney's Office produced, upon request, simply a copy of their hiring policy. That's it. No explanation of the reasons. And in fact, there's a memo, which is in the record, Your Honor. I do not have the particular date. I call it the May, or yeah, July 2000 memo, Department of Justice produced in the discovery in that case, which directs responding agencies that in the event of a preference eligible requesting permission or requesting the reasons not to follow the procedures they're outlining. So they don't have to give a preference eligible the reasons. All of this falls within under 302. The agency says that the only responsibilities that it has under 302 is to follow, is to give positive analysis to veterans in the application. That's not quite it. The positive factor test is discussed in this case, which is also, actually, it's discussed in Patterson and slightly discussed in Gingery. It's actually better exemplified if you look at that Pope case that's cited in the briefing. In Pope, what we see is the actual application of the positive factor test. And in Pope, we actually had another, just like Mr. Patterson, another attorney who was applying for a position and he wanted veterans preference points added. Well, you can't add points to something that doesn't have points. And Judge Posner in Seventh Circuit said in that case, well, how do we interpret this 302 language administratively feasible? What do we do with that? How can we say an agency's wrong? Well, what the court did was they actually looked at the test. What did they do? Well, what the agency chose to do is say, well, we'll give tie-breaking status to the veteran. That's what the agency actually did. That's what the agency actually said. So when the court looked back on 302 and interpreted that and was giving, quote, unquote, deference to the agency, which deference doesn't apply here, by the way, giving deference to the agency, it said, well, yeah, the test is a positive factor. And therefore, the agency gave, you know, the question became, how was Mr. Pope treated in that process? Positive factor of his veteran's preference was treated by giving him the breaking of a tie. In my case, or in Mr. Gingery's case, and in Mr. Girard's cases, the government can't stand up and say, we gave positive factor to Mr. Girard because, and then explain what that is. They can't. In Pope, they could. And that's why they succeeded in Pope. I'd like to save your rebuttal time, Mr. Girard. I will save my rebuttal time, Your Honor. All right. Ms. Hogan. Good morning, Your Honors. May it please the Court. The Board's decisions should be affirmed here because the hiring agency's properly followed the law by providing, by treating Mr. Girard's veteran status as a positive factor in attorney hiring, and no further. Actually, the Board did make a mistake, didn't it, in its reasoning in suggesting that the lack of an examination could distinguish Gingery, because there was no exam for auditors in Gingery either, wasn't there? It's, it's a little confusing from the, um, from, from the, the Gingery decision. There's no question that there was a rating, a ranking. Yeah, yeah. I agree with that. But, but I've looked back, I had one of my clerks look back at the record. There was no exam. The, the, the MSPB decision in, um, in Gingery said specifically there was no auditor exam. They just, they made a mistake. Um, well, I, I don't have any basis to dispute that, Your Honor. Okay. So, but there is a requirement of a certificate for auditors, and there was a category ranking in the certificate, and that doesn't happen with respect to lawyers. Correct. And 3318 seems to apply only in the case of a certificate, right? Correct. Yeah, it's, it's very clear that 3318 applies only to, uh, a certificate of rating. Indeed, the, the whole idea of a, of a passing over, uh, a preference-eligible veteran is predicated on a preference-eligible veteran being ranked higher than a candidate the agency is proposing to, to hire. So, without that numerical or category ranking, Passover simply doesn't apply. The question that was asked in Gingery was, when you, when you apply Passover to accept the service hiring, what procedures must you follow? And the court said the same procedures as in competitive service. The question here is really an earlier question, which is, does Passover apply at all to attorney service, attorney-accepted service hiring, where there is no examination and there is no rate, no rating? And the answer is no, there's not. And so then we look at what procedures OPM has provided in its regulations for what's And the answer is that they must follow veterans' preference as far as administratively practicable. And this, this court in Patterson upheld that regulation, finding that OPM's positive factor test was a reasonable, um, expression of that regulation. What, what, what is that precisely? They say they treated it as a positive factor. What does that mean? The board emphasized that over and over again too. Right. And it's really up to the individual agencies, how they, how they apply it. They could apply it as a tiebreaker between two equally qualified candidates. The veteran, veteran's status would give them, uh, the edge up over the other non-preference eligible, or it could simply be just another facet of the application that is a positive asset, um, that the applicant might bring to, to the position. I, I had not understood Mr. Girard's appeal to be contesting, or indeed his, his challenge before the board to be contesting that he was not afforded positive factor in the evaluation of his applications, only that when the agencies decided to, uh, select other applicants. No, but it seems somewhat implicit in what he's saying that that's meaningless. That the positive factor doesn't help him at all unless he gets, uh, the preference to which he feels entitled. Well, positive factor does not mean that every preference, preference eligible veteran is entitled to an attorney position. Patterson makes that very clear. So it... But it means that he's entitled to some sort of positive benefit or value added to the application. Absolutely, Your Honor. Absolutely. But the, it's still within the agency's discretion to say notwithstanding this positive factor, there are other factors, um, which we find outweigh that, that veteran status in, in choosing an applicant for this position. I guess the problem is that in attorney hiring, there's no ranking. There's no, of, of candidates, right? Correct. In fact, Congress prohibited agencies from ranking people. So it's sort of a gestalt process where, you know, it's inherently subjective actually in which, you know, the agency where it weighs various factors. And I guess, uh, what the regulations say is that in weighing those factors, one of the factors you have to consider is veteran's preference. I think that's fair. That's about the sum and substance of it. Would you agree that, uh, Gingery and Patterson don't fit squarely in this case? This presents a new, Mr. Girard has presented a new question. It is, it is not a question that was answered directly by either Patterson or Gingery. It is a, I think the answer that the board reached is a logical conclusion that comes out of this court's Patterson decision, recognizing that attorney accepted service hiring is, is a different character. This court has never, um, addressed the, the specific issues that are raised by Mr. Girard's case. No. So, why would we owe any deference to, to the, uh, OMP's, um, um, definition of, of positive factor or its application of positive factor? Why shouldn't we, why shouldn't this court take a look at that particular part of the regulations and, and make a, make a different determination? Well, this, this court in Patterson has already said that the application of the positive factor test is a reasonable... Yes, I know, but Patterson doesn't apply here squarely. I, I, Patterson did not directly address whether Passover is, is required. But what, what, I'm sorry, what Patterson did say was attorneys are not subject to rating and ranking and the conclusion that necessarily Passover can't apply where rating and ranking doesn't happen, um, I think is a logical conclusion that must be drawn as a result of what this court did in Patterson. Um, briefly, I, I just wanted to address the, the interpretation that Mr. Girard, uh, here is promoting that the, um, agency should be required to notify a preference eligible veteran that they're not being selected and give them an opportunity to respond, um, would actually give those veterans more benefits than what is required under statute. Though Passover provisions in B1 and B2 of 3318 apply only where the preference eligible candidate is ranked in the top three. It's not provided where any minimally qualified candidate, uh, is, is, uh, applying for a job. So in the case where any preference eligible veteran submits an application for attorney and is minimally qualified under Mr. Girard's interpretation, an agency is going to be required to do all these additional, um, steps and that's simply not required by the statute. If the court has no further questions, we would respect your request. Thank you, Ms. Hogan. Thank you. Mr. Girard, do you have, uh, Not a lot of time, but I'll take all of it, Your Honor. Um, just to begin, I'm, I'm really not sure, I didn't really track on the top three, uh, requirement that, uh, counsel spoke of. I apologize. I'm not prepared to address that. Clearly, however, under 3318, there is no top three discussion anywhere. I've read the Dorn statute, uh, hundreds of times. Every case since I recited that statute and I've yet to see the top three analysis that was just discussed. Um, this, uh, to apply 3318 simply requires no examination. This is, of course, already found. Notice to the applicant the reasons why he's being passed over, he or she is being passed over in time to respond. That's veteran's preference and that works. And that gives the veteran the leg up. They're off doing their thing, serving their country. They got hurt. They came back. All that time and delay is gone. Gives them a leg up. Why, why does it give them a leg up? For a number of reasons. One, they find out the reasons why their application was passed over. Maybe they had spelling errors. Well, except for next time, they'll have a better chance. You know, something in those reasons is going to help them. Maybe there's a mistake in there. Maybe there's another veteran's statute like 3311 that requires a consideration of, uh, service credit for experience. And the agency doesn't seem to consider any of that, uh, for attorneys. We don't rank them. We don't, uh, we just, I can just say I like you better than I like her and, and hire you, right? That's, that's special for attorneys, but certainly doesn't help disabled veterans at all. And then that's the problem. But Congress said it doesn't. This is an attorney position. This is an attorney position. You know, 3311, the governments can't argue that it doesn't apply whether or not attorney, it's an attorney position or not. Absolutely no ranking or certification process is required to waive or consider service or vocational credit for time spent in the military in like locations as, as a qualifying experience. You know, and that's under 3311. And the other 3308 through 3318, there's other examples too, but I'm very short on time. My point is notice, giving the opportunity of understanding the reasons why the application was passed over in time to respond. Those all put the veteran back on even keel. In Patterson, we discussed 3309 absolutely requires an examination to add points to something. Under Gingery, however, this court analyzed 3318 and 3320 and it affirmatively said, we do not need an examination to apply these standards. Whether or not it's an attorney or anybody else, you don't need an exam. And so you don't have to be ranked. You don't have to be categorized. You don't have to be on a certificate. You simply need to be in a pile and you simply need to have the veteran status in order to be told the reasons why you're not being hired. Give an opportunity to respond to those reasons. It's simple. It's sending letters. The government wants to argue that's not administratively feasible to send letters. It's the largest law firm in the world. They send out a lot of letters. It's not hard. They have to keep track of veterans who apply anyways. That's all the time that I have unless the court has any more questions. Thank you, Mr. Girard. Thank you. That concludes our morning. All rise.